

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1257-20

**WILLIAM LARRY FOLEY, Appellant**

**V.**

**THE STATE OF TEXAS**

**ON STATE'S AND APPELLANT'S PETITIONS
FOR DISCRETIONARY REVIEW
FROM THE TYLER COURT OF APPEALS
SMITH COUNTY**

*Per curiam.* **YEARY, J., filed a dissenting opinion in which SLAUGHTER, J., joined.**

## O P I N I O N

Appellant was convicted of burglary of a habitation with intent to commit assault

and sentenced to life in prison. In the bill of costs, the trial court assessed Appellant a

$25 time payment fee and a $15 fee to be assessed if any part of the court costs is paid on

or after the 31st day after the date the judgment assessing the court costs is entered. *See* TEX. LOCAL GOV'T CODE § 133.103. On appeal, the Court of Appeals struck a portion of the fees as being unconstitutional. *Foley v. State*, No. 12-20-00017-CR (Tex. App. – Tyler Nov. 30, 2020).

The State has filed a petition for discretionary review challenging the court's constitutional analysis. We recently handed down our opinion in *Dulin v. State*, Nos. PD-0856-19 & PD-0857-19, 2021 Tex. Crim. App. LEXIS 273 (Tex. Crim. App. Mar. 31, 2021), in which we held that the time payment fee was assessed prematurely because the pendency of appeal suspends the obligation to pay court costs. As a result, there was no need to reach the State's constitutional arguments.

We grant review on our own motion of the following ground:

Should the "Time Payment Fee" be struck as prematurely assessed?

Addressing that ground in light of *Dulin*, we vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals for proceedings consistent with this opinion. The State's petition is refused. Appellant's petition is also refused.

DATE DELIVERED: May 12, 2021
DO NOT PUBLISH